# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| MARY CATHERINE BARENKLAU, Individually as surviving spouse, and as Administratrix of the Estate of JASON AUGUST BARENKLAU, deceased, | * * * | Civil Action File No.: 4:19-cv-208-AT |
| Plaintiff, | * | |
| v. | * | |
| RAILCREW XPRESS, LLC, KRISTINA PAIGE ABERNATHY, and LIBERTY MUTUAL FIRE INSURANCE COMPANY, | * * * | |
| Defendants. | | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff MARY CATHERINE BARENKLAU, individually and as Administratrix of the ESTATE OF JASON AUGUST BARENKLAU and files this Complaint for Damages, demanding a jury trial and showing this Honorable Court as follows:

-1-

JASON AUGUST BARENKLAU (hereinafter, "JASON BARENKLAU") was a citizen of the State of Georgia at time of his death.

-2-

Plaintiff MARY CATHERINE BARENKLAU (hereinafter, "PLAINTIFF") is an individual resident and citizen of the State of Georgia and the surviving spouse of JASON BARENKLAU residing in Lafayette, Georgia.

-3-

Defendant KRISTINA PAIGE ABERNATHY (hereinafter "the driver" or "ABERNATHY") is a citizen and resident of the State of Tennessee residing in Soddy Daisy, Tennessee.

-4-

Defendant RAILCREW XPRESS, LLC, is a foreign limited liability company organized under the laws of Delaware, who is domiciled in the Johnson County, State of Kansas, and who at all times pertinent hereto is registered in and authorized to conduct business in the State of Georgia. RAILCREW XPRESS, LLC operates under the United States Department of Transportation Number 2460974. RAILCREW XPRESS, LLC may be served through its registered agent: Corporation Service Company located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. All Defendants are jointly and severally liable and Defendant RAILCREW XPRESS, LLC is liable for the action of Defendant

ABERNATHY under theories of *respondeat superior*, vicarious liability, and agency principles.

-5-

Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY (hereinafter "LIBERTY MUTUAL") is a foreign insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116. LIBERTY MUTUAL is qualified to transact business in the State of Georgia, but is not a citizen of Georgia. LIBERTY MUTUAL may be served through its registered agent: Corporation Service Company located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

-6-

At the time of the subject collision, Defendant LIBERTY MUTUAL provided a policy of liability insurance on behalf of RAILCREW XPRESS, LLC and ABERNATHY, commercial carriers for hire with the State of Georgia and the Federal Motor Carrier Safety Administration, Department of Transportation, the same bearing policy of insurance number AS2-641-444729-048. Said policy was in

effect on September 15, 2018. Defendant LIBERTY MUTUAL is subject to suit by direct action pursuant to O.C.G.A. § 46-7-12.

-7-

Pursuant to the provisions of 28 U.S.C. § 1332 and O.C.G.A. § 9-10-91, this Court has subject matter jurisdiction of this cause of action by reason of the fact that this cause is an action between citizens of different states and the amount in controversy exclusive of interest and costs exceeds $75,000.00. Pursuant to the provisions of 28 U.S.C. § 1391(b), venue is proper in this Court by reason of the fact that a substantial part of events or omissions giving rise to this claim occurred in this judicial district.

-8-

On September 15, 2018, while a pedestrian, JASON BARENKLAU was struck by a 2018 Toyota Sienna minivan operated by Defendant ABERNATHY, who at all times pertinent to the events alleged herein was acting within the scope of her employment as an agent and/or employee of Defendant RAILCREW XPRESS, LLC.

-9-

JASON BARENKLAU was a pedestrian positioned to the right of the emergency shoulder of I-75 North in Catoosa County, Georgia when he was struck

by the 2018 Toyota Sienna minivan operated by Defendant RAILCREW XPRESS while being driven by Defendant ABERNATHY. Just prior to JASON BARENKLAU being struck, Defendant ABERNATHY was operating the minivan too fast for conditions, speeding in a designated "work zone," failed to keep a proper lookout for traffic ahead of her, failed to maintain her vehicle under proper control and failed to maintain a single lane of travel such that due to her multiple acts of negligence veered to the right over the clearly marked and painted fog line, ran off the road on I-75 North, and while traveling over the fog line struck and killed JASON BARENKLAU.

-10-

As a result of being struck by minivan being driven by Defendant ABERNATHY, at approximately seventy miles per hour, JASON BARENKLAU was catastrophically killed instantaneously. JASON BARENKLAU is survived by his wife, MARY CATHERINE BARENKLAU, and their three children.

## CAUSES OF ACTION

**COUNT I – WRONGFUL DEATH PURSUANT TO O.C.G.A. § 51-4-1,** *et seq*.

-11-

Plaintiff hereby realleges and incorporates by reference Paragraphs 1-10 above as if they were fully restated verbatim herein.

-12-

Plaintiff, MARY CATHERINE BARENKLAU, as surviving spouse of JASON BARENKLAU is the proper party to bring this Wrongful Death claim against all Defendants (ABERNATHY, RAILCREW XPRESS, LLC, and LIBERTY MUTUAL INSURANCE) for the wrongful death of JASON BARENKLAU resulting from the negligent, reckless, and other wrongful conduct of the named Defendants pursuant to O.C.G.A. §§ 51-4-1 and 51-4-2(a).

-13-

At all relevant times reflected in this Complaint, Defendants ABERNATHY and RAILCREW XPRESS, LLC owed certain civil duties and legal responsibilities to JASON BARENKLAU as it relates to the control, operation, maintenance and driving of Defendant RAILCREW XPRESS, LLC's minivan. Defendants ABERNATHY and RAILCREW XPRESS, LLC violated the civil duties they owed to JASON BARENKLAU by acting negligently, wantonly and recklessly in operating, maintaining, overseeing, inspecting and using " RAILCREW XPRESS, LLC's minivan, resulting in the death of JASON BARENKLAU. In particular, Defendant ABERNATHY individually, and as an agent and/or employee of Defendant RAILCREW XPRESS, LLC violated numerous provisions of the State

of Georgia's Uniform Rules of the Road. These violations include, but are not limited to:

  a) driving and operating the minivan in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

  b) failure to maintain proper lane in violation of O.C.G.A. § 40-6-48;

  c) operating the minivan at a greater speed than was reasonable and prudent under the circumstances and condition in violation of O.C.G.A. § 40-6-180;

  d) driving the minivan on the wrong side of the roadway in violation of O.C.G.A. § 40-6-40; and

  e) other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

-14-

The Plaintiff avers that the Defendants are negligent per se as a result of the aforementioned violations of the Georgia Statutory Rules of the Road.

-15-

Defendant RAILCREW XPRESS, LLC is responsible and liable for the negligent acts and omissions of Defendant ABERNATHY under the theory of *respondeat superior*.

-16-

The Plaintiff avers that Defendant RAILCREW XPRESS, LLC acted negligently and recklessly in hiring and supervising Defendant Abernathy, and in entrusting her with the operation of the minivan she was operating at the time of the subject accident. Further, Plaintiff avers that Defendants ABERNATHY and RAILCREW XPRESS, LLC were negligent with respect to the maximum hours of driving service and the recording and supervision of same in violation of the Federal Motor Carrier Safety Regulations (FMCSR).

-17-

As a direct and proximate result of the negligent and wrongful acts of Defendants ABERNATHY and RAILCREW XPRESS, LLC, as set forth in this Complaint, the Plaintiff claims damages for JASON BARENKLAU'S loss of his "full value of life," including economic loss, as well as JASON BARENKLAU'S intangible loss of the enjoyment of his remaining years as determined by the "enlightened conscience of the jury."

-18-

As a proximate result of the negligent and wrongful conduct of the Defendants ABERNATHY and RAILCREW XPRESS, LLC, the Plaintiff, as Personal Representative and Executrix of the Estate Jason August Barenklau, is entitled to

recover damages from the Defendants, on behalf of the Estate, for funeral expenses and for the pain, suffering, anxiety, shock, and fear appreciated and endured by JASON BARENKLAU from the horrific events leading to this collision that resulted in his death. O.C.G.A. §§ 51-4-5, 9-2-41.

## COUNT II – NEGLIGENCE AND JOINDER CLAIMS AGAINST ABERNATHY, RAILCREW XPRESS, LLC, AND LIBERTY MUTUAL

-19-

Plaintiff hereby realleges and incorporates by reference Paragraphs 1-18 above as if they were fully restated verbatim herein.

-20-

Plaintiff has previously set forth in this Complaint the various legal duties owed by the Defendants ABERNATHY and RAILCREW XPRESS, LLC to JASON BARENKLAU, as well as the various negligent and wrongful acts of Defendants ABERNATHY and RAILCREW XPRESS, LLC that breached these duties and resulted in the wrongful death of JASON BARENKLAU.

-21-

At all relevant times, Defendant ABERNATHY was an employee and/or agent of the Defendant RAILCREW XPRESS, LLC while driving the minivan within the course and scope of her employment and/or agency.

-22-

Prior to the collision resulting in the wrongful death of JASON BARENKLAU, Defendant LIBERTY MUTUAL had issued an automotive liability insurance policy to RAILCREW XPRESS, LLC, which provided for the protection of members of the public from injuries sustained as a result of the negligence of the motor carrier, as required under O.C.G.A. § 40-1-112. This automotive liability insurance policy was in full force and affect at the time of the fatal collision described herein.

-23-

By virtue of the foregoing, the Plaintiff has a direct cause of action against the Defendant LIBERTY MUTUAL to collect from this Defendant all damages set out herein pursuant to the provisions of O.C.G.A. §§ 40-2-140 and 40-1-112.

-24-

As a result of the foregoing, Defendant LIBERTY MUTUAL is joined by virtue of its insurance contract obligations, and must indemnify the Defendants ABERNATHY and RAILCREW XPRESS, LLC, and the Plaintiff is entitled to collect funds from Defendant LIBERTY MUTUAL to pay any and all judgments and amounts as rendered against the other Defendants under the terms of the insuring agreements.

-25-

By reason of the foregoing, the Plaintiff is entitled to recover compensatory damages from the Defendants in an amount to be proven at trial.

## COUNT III – PUNITIVE DAMAGES

-26-

Plaintiff hereby realleges and incorporates by reference Paragraphs 1-25 above as if they were fully restated verbatim herein.

-27-

Plaintiff avers that the numerous and significant violations of the law in the operation of the " RAILCREW XPRESS, LLC minivan by RAILCREW XPRESS, LLC employee and/or agent Defendant ABERNATHY was in fact willful and wanton misconduct with a conscience indifference to the circumstances of the driving actions or inactions of the minivan.

-28-

Accordingly, Plaintiff is entitled to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a) That summons and service of process be issued requiring all Defendants to appear as provided by law to answer the allegations of this Complaint;

b) That Plaintiff have and recover an award of compensatory damages against Defendants including all general and special damages to be determined to by a jury at trial in its fair and enlightened conscience but in amount not less than $6,000,000.00;

c) That Plaintiff have and recover an award of any damages constituting the full value of the life of JASON BARENKLAU;

d) The Plaintiff have and recover an award for expenses of litigation, including reasonable attorneys' fees, against Defendants, hand have judgement entered thereon;

e) That Plaintiff recover punitive damages against Defendant in an amount to be determined by the enlightened conscience of a jury;

f) That Plaintiff have and recover all other damages to which they are entitled under the law of the State of Georgia and the United States of America; and

g) That Plaintiff have all such other and further relief as this Court deems just and appropriate.

This 14th day of September, 2019.

Respectfully submitted,

By: _____
Joshua P. Weiss (Ga. Bar No. 500861)
ATTORNEY FOR PLAINTIFF
CAVETT, ABBOTT & WEISS, PLLC
801 Broad Street, Suite 428
Chattanooga, TN 37402
Telephone: 423-265-8805
Fax: 423-267-5915
Email: josh@cawpllc.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1, I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman 14-point font.

_____
Joshua P. Weiss (Ga. Bar No. 500861)