# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| MARY CATHERINE BARENKLAU, Individually as surviving spouse, and as Administratrix of the Estate of JASON AUGUST BARENKLAU, deceased, | CIVIL ACTION FILE NO. 4:19-cv-208-AT |
| Plaintiff, | |
| v. | |
| RAILCREW XPRESS, LLC, KRISTINA PAIGE ABERNATHY, and LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendants. | |

## DEFENDANT KRISTINA PAIGE ABERNATHY'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant, Kristina Paige Abernathy (hereinafter "Answering Defendant"), and files her Answer to Plaintiff's First Amended Complaint (hereinafter, "Amended Complaint"), showing as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Answering Defendant upon which relief can be granted.

## SECOND DEFENSE

To the extent it may be shown by the evidence, the damages complained of by Plaintiff were the result of an unavoidable accident, unmixed with the negligence of Answering Defendant.

## THIRD DEFENSE

To the extent it may be shown by the evidence, Answering Defendant asserts the defenses of failure to avoid consequences, failure to mitigate damages, sudden emergency, and last clear chance.

## FOURTH DEFENSE

Answering Defendant acted at all times in good faith and with reasonable care.

## FIFTH DEFENSE

To the extent it may be shown by the evidence, Decedent Jason Barenklau's negligence contributed proximately to Plaintiff's alleged injuries and other damages as he was not exercising ordinary care for his own safety at the time it is claimed he was injured or damaged.

## SIXTH DEFENSE

Decedent Jason Barenklau was improperly and illegally walking alongside the interstate at the time of the accident.

## SEVENTH DEFENSE

To the extent it may be shown by the evidence, Decedent Jason Barenklau's negligence was at least equal to or greater than any alleged negligence (which is specifically denied) by Answering Defendant.

## EIGHTH DEFENSE

The sole and proximate cause of Plaintiff's damages, if any, was the acts or omissions of a third-party and/or other person or entity for which Answering Defendant is not responsible or liable.

## NINTH DEFENSE

Answering Defendant affirmatively alleges that the costs incurred or paid by the Plaintiff, if any, for medical care or other economic loss, in the past or future, were or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from one or more collateral sources, including by or through insurance through the Patient Protection and Affordable Care Act, and as such Answering Defendant is entitled to have any award reduced in the amount of such payments.

## TENTH DEFENSE

Plaintiff's claims for punitive damages violate the equal protection, due process and unlawful fines provisions of the U.S. Constitution, and the statutory scheme for awarding punitive damages in the State of Georgia is unconstitutionally

vague and otherwise provides inadequate constitutional safeguards to Answering Defendant.

## ELEVENTH DEFENSE

Any award of punitive damages in this case would be impermissible under the standards established by the United States Supreme Court in the cases of *BMW of North America, Inc. v. Ira Gore, Jr.,* 517 U.S. 559 (1995) and *State Farm Mut. Automobile Ins. Co. v. Campbell,* 538 U.S. 408 (2003); 123 S. Ct. 1513 (2003); *Exxon Shipping Co. v. Baker*, 554 U.S. 471; 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008).

## TWELFTH DEFENSE

Should Plaintiff recover punitive damages against Answering Defendant, such recovery would constitute an unconstitutional double recovery in this cause of action.

## THIRTEENTH DEFENSE

As a matter of law, Answering Defendant did not act with the requisite willfulness or intent required to be shown by clear and convincing evidence to recover punitive damages of her.

## FOURTEENTH DEFENSE

At all pertinent times, Answering Defendant acted in good faith and without malice, intent to injure, or reckless disregard for Plaintiff or Decedent Jason Barenklau.

## FIFTEENTH DEFENSE

Answering Defendant reserves the right to assert any affirmative defenses, additional defenses, claims, and denials as may be disclosed during the course of additional investigation and discovery.

Answering Defendant answers the individually enumerated paragraphs of Plaintiff's First Amended Complaint below, and denies any allegations not expressly admitted. Answering Defendant does not intend to and does not make any implied admissions.

1.

Answering Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 of Plaintiff's Amended Complaint, and therefore they are denied.

2.

Answering Defendant is without sufficient information to admit or deny the allegations of Paragraph 2 of Plaintiff's Amended Complaint, and therefore they are denied.

3.

Answering Defendant admits the allegations of Paragraph 3 of Plaintiff's Amended Complaint.

4.

Paragraph 4 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant admits, upon information and belief, that Railcrew Xpress, LLC is a foreign limited liability company. Answering Defendant is without sufficient information to admit or deny the allegations of Paragraph 4 pertaining to Railcrew Xpress, LLC's incorporation and registered officer for service. Answering Defendant denies any and all remaining allegations of Paragraph 4 of Plaintiff's Amended Complaint.

5.

Answering Defendant admits, upon information and belief, that Liberty Mutual Fire Insurance Company is a foreign insurance company. Answering Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 5 of Plaintiff's Amended Complaint, and therefore they are denied.

6.

Paragraph 6 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant admits, upon information and belief, the Liberty Mutual Fire Insurance Company provided a policy of liability insurance that was in effect on September 15, 2018. Answering Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 6 of Plaintiff's Amended Complaint, and therefore, they are denied.

7.

Paragraph 7 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of Plaintiff's Amended Complaint, and therefore, they are denied.

8.

Paragraph 8 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant is without sufficient information to admit or deny the allegations of Paragraph 8 of Plaintiff's Amended Complaint, and therefore, they are denied.

9.

Answering Defendant states that at the time of the accident described in Plaintiff's Amended Complaint, she was driving a 2016 Toyota Sienna. Answering Defendant otherwise admits the allegations of Paragraph 9 of Plaintiff's Amended Complaint.

10.

Answering Defendant denies the allegations of Paragraph 10 of Plaintiff's Amended Complaint.

11.

Answering Defendant admits that she was driving the posted speed limit and that Decedent Jason Barenklau died after the accident. Answering Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 11 of Plaintiff's Amended Complaint, and therefore, they are denied.

12.

Answering Defendant reasserts and incorporates by reference her Answers to Paragraphs 1-11 of Plaintiff's Amended Complaint as if restated fully herein.

13.

Paragraph 13 of Plaintiff's Amended Complaint contains legal conclusions to

which no response is required. To the extent a response is required, Answering Defendant denies any and all allegations of negligence and denies liability for same. Answering Defendant is without information sufficient to admit the remaining allegations of Paragraph 13 of Plaintiff's Amended Complaint.

14.

Paragraph 14 and its subparagraphs a) through g) of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 14 and its subparagraphs of Plaintiff's Amended Complaint.

15.

Paragraph 15 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant states that the Federal Motor Carrier Safety Regulations speak for themselves.

16.

Paragraph 16 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 16 of Plaintiff's Amended Complaint.

17.

Paragraph 17 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 17 of Plaintiff's Amended Complaint.

18.

Paragraph 18 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 18 of Plaintiff's Amended Complaint.

19.

Paragraph 19 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 19 of Plaintiff's Amended Complaint.

20.

Paragraph 20 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 20 of Plaintiff's Amended Complaint.

21.

Paragraph 21 of Plaintiff's Amended Complaint contains legal conclusions

to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 21 of Plaintiff's Amended Complaint.

22.

Paragraph 22 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 22 of Plaintiff's Amended Complaint.

23.

Answering Defendant reasserts and incorporates by reference her Answers to Paragraphs 1-22 of Plaintiff's Amended Complaint as if restated fully herein.

24.

Answering Defendant denies the allegations of Paragraph 24 of Plaintiff's Amended Complaint.

25.

Answering Defendant admits the allegations of Paragraph 25 of Plaintiff's Amended Complaint.

26.

Answering Defendant is without sufficient information to admit or deny the allegations of Paragraph 26 of Plaintiff's Amended Complaint, and therefore, they are denied.

27.

Paragraph 27 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 27 of Plaintiff's Amended Complaint, and therefore, they are denied.

28.

Paragraph 28 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant is without information sufficient to admit or deny the allegations of Paragraph 28 of Plaintiff's Amended Complaint, and therefore they are denied.

29.

Paragraph 29 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 29 of Plaintiff's Amended Complaint.

30.

Answering Defendant reasserts and incorporates by reference her Answers to Paragraphs 1-29 of Plaintiff's Amended Complaint as if restated fully herein.

31.

Answering Defendant denies the allegations of Paragraph 31 of Plaintiff's Amended Complaint.

32.

Paragraph 32 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations of Paragraph 32 of Plaintiff's Amended Complaint.

Answering Defendant denies that Plaintiff is entitled to any of the damages sought in the "WHEREFORE" portion of Plaintiff's Amended Complaint. Any allegation of Plaintiff's Complaint or Amended Complaint not specifically responded to is hereby denied.

WHEREFORE, having fully answered, Kristina Paige Abernathy prays as follows:

1. That judgment be entered in Answering Defendant's favor with all costs being cast against Plaintiff;

2. That Plaintiff recovers nothing of Answering Defendant;

3. That the Court grant Answering Defendant such other relief as is just; and

4. Answering Defendant demands a twelve-person jury trial.

DATED this 26th day of November, 2019.

**HAWKINS PARNELL & YOUNG, LLP**

/s/ Willie C. Ellis Jr.
Kimberly D. Stevens
Georgia Bar No. 680747
Willie C. Ellis Jr.
Georgia Bar No. 246116
Jeffrey S. Adams
Georgia Bar No. 164671

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 (telephone)
(404) 614-7500 (facsimile)

*Attorneys for Defendant Kristina Paige Abernathy*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1, I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman 14-point font.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

MARY CATHERINE BARENKLAU,
Individually as surviving spouse, and as
Administratrix of the Estate of JASON
AUGUST BARENKLAU, deceased,

               Plaintiff,

v.

RAILCREW XPRESS, LLC,
KRISTINA PAIGE ABERNATHY,
and LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

               Defendants.

CIVIL ACTION FILE NO.
4:19-cv-208-AT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **DEFENDANT KRISTINA PAIGE ABERNATHY'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** via CM/ECF System through which the following attorneys will be served:

Joshua P. Weiss
Cavett, Abott, & Weiss, PLLC
801 Broad Street, Suite 428
Chattanooga, TN 37402

Brian S. Spitler
Copeland, Stair, Kingma & Lovell, LLP
920 McCallie Avenue
Chattanooga, TN 37403

DATED this 26th day of November, 2019

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, N.E., Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 (telephone)
(404) 614-7500 (facsimile)

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116

*Attorneys for Defendant Kristina Paige Abernathy*